

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSEPH M. ACQUAVIVA,

          Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. 5:16-CV-02579(VEB)

DECISION AND ORDER

## I. INTRODUCTION

In June of 2013, Plaintiff Joseph M. Acquaviva applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by William M. Kuntz, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

1

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 8, 10, 25). On June 27, 2018, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 24).

## II. BACKGROUND

Plaintiff applied for benefits on June 6, 2013, alleging disability beginning June 28, 2012. (T at 178).[1] The application was denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On June 26, 2015, a hearing was held before ALJ Kenneth E. Ball. (T at 41). Plaintiff appeared with his attorney and testified. (T at 46-73). The ALJ also received testimony from Alan E. Cummings, a vocational expert (T at 74-77).

On September 14, 2015, the ALJ issued a written decision denying the application for benefits. (T at 13-34). The ALJ's decision became the Commissioner's final decision on October 18, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

On December 16, 2016, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The

---

[1] Citations to ("T") refer to the transcript of the administrative record at Docket No. 14.

Commissioner interposed an Answer on June 19, 2017. (Docket No. 13). The parties filed a Joint Stipulation on January 10, 2018. (Docket No. 23).

After reviewing the pleadings, Joint Stipulation, and administrative record, this Court finds that the Commissioner's decision should be affirmed and this case must be dismissed.

## III. DISCUSSION

**A.     Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual

functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.  Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and

making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.     Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 28, 2012 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2017 (the date last insured). (T at 18). The ALJ found that Plaintiff's degenerative disc disease of the lumbar spine and lumbar musculoligamentous strain were "severe" impairments under the Act. (Tr. 18).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 21).

The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform medium work as defined in 20 CFR § 404.1567 (c), with the following limitations: occasional lifting/carrying 50 pounds; frequent lifting/carrying 25 pounds; sit for 6 hours in an 8-hour workday with regular breaks; push/pull

7

within weight limits; stand/walk for 6 hours in an 8-hour workday with regular breaks; perform postural activities occasionally, with no climbing of ladders, ropes, or scaffolds. (T at 21).

The ALJ found that Plaintiff could perform his past relevant work as a billing clerk. (T at 29). As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act from June 28, 2012 (the alleged onset date) through September 14, 2015 (the date of the ALJ's decision). (T at 30). As noted above, the ALJ's decision became the Commissioner's final decision on October 18, 2016, when the Appeals Council denied Plaintiff's request for review. (T at 1-7).

**D.      Disputed Issues**

As set forth in the parties' Joint Stipulation (Docket No. 23), Plaintiff offers two (2) arguments in support of his claim that the Commissioner's decision should be reversed. First, he contends that the ALJ did not properly weigh the medical evidence. Second, Plaintiff challenges the ALJ's credibility determination. This Court will address both arguments in turn.

# IV. ANALYSIS

A. **Medical Opinion Evidence**

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id*.

In this case, Dr. Steven Larson, a treating physician, submitted a letter dated December 24, 2013, wherein he stated that he had been treating Plaintiff for "over a decade." (T at 338). Dr. Larson reported that Plaintiff suffered from neck, back, and shoulder pain, as well as memory loss and dizziness secondary to post-concussion syndrome and post-traumatic stress disorder. (T at 338). Dr. Larson described Plaintiff as "[u]nlikely to ever return to work." (T at 350).[2]

The ALJ considered Dr. Larson's statement that Plaintiff was unlikely to ever to return to work to be an expression of Plaintiff's subjective intention to avoid returning to work. The ALJ's interpretation is supported by the fact that the statement (a) is contained the narrative portion of the report, which describes Plaintiff's subjective complaints, (b) is not supported by clinical findings, and (c) is

---

[2] The record also contains a physical residual functional capacity statement from Dr. Larson, dated October 12, 2015 (after the date of the ALJ's decision), wherein he opined that Plaintiff suffered from pain severe enough to constantly interfere with his ability to perform simple work tasks. (T at 432). He stated that Plaintiff could sit for about 2 hours in an 8-hour workday and stand/walk for less than an hour. (T at 433-34). Dr. Larson reported that Plaintiff would need to take frequent unscheduled breaks, could rarely lift 5 pounds, and would frequently be off-task. (T at 434-35).

DECISION AND ORDER – ACQUAVIVA v BERRYHILL 5:16-CV-02579-VEB

inconsistent with Dr. Larson's treatment notes, which, as discussed further below, generally documented unremarkable clinical findings.

Moreover, to the extent the statement might be read as an expression of Dr. Larson's opinion that Plaintiff was disabled, the ALJ gave the statement little weight. (T at 27). As such, even giving Plaintiff the benefit of assuming that Dr. Larson was expressing his opinion that Plaintiff was unlikely to return to work (as opposed to simply describing Plaintiff's subjective view), the ALJ's decision to discount that opinion was supported by substantial evidence for the reasons that follow.

First, Dr. Larson did not provide detailed references to clinical findings in support of his assessment. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)). Moreover, Dr. Larson's statement that Plaintiff was not likely to return to work, even if it was an expression of the physician's opinion, is not entitled to any "special significance" because that issue is reserved to the Commissioner. *See* 20 C.F.R. §404.1527(d)(3), § 404.1527(d)(1); SSR 96-5p, *Ram v. Astrue*, 2012 U.S. Dist. LEXIS 183742 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of

disability is not entitled to any special weight"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (holding that treating physician's opinion is not binding on the ultimate determination of disability).

Second, the ALJ noted that Dr. Larson's contemporaneous treatment notes generally documented unremarkable physician findings, which contradicted his assessment of total disability. (T at 27-28, 351, 360, 428-29). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Third, the ALJ reasonably relied on other medical opinions of record. Dr. Vicente Bernabe conducted an orthopedic consultative examination in September of 2013. Based on that examination, Dr. Bernabe diagnosed lumbar radiculopathy, degenerative disc disease of the lumbar spine, and lumbar musculoligamentous strain. (T at 325). He opined that Plaintiff could lift and carry 50 pounds occasionally and 25 pounds frequently; push/pull frequently; walk and stand 6 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. (T at 326).

Dr. Do, a State Agency review physician, reviewed the record and opined that Plaintiff could perform medium work, except that he could only occasionally climb

ropes, scaffolds, and ladders. (T at 88). These findings were reviewed and confirmed by Dr. Lizarraras, another State Agency review physician. (T at 99-100).

Dr. Bertram Froehly, a treating neurologist, reported in February of 2014 that Plaintiff had no neurologic motor or sensory deficits or ataxia (loss of control of bodily movements). (T at 405).

"The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff objects to the ALJ's reliance on Dr. Bernabe's opinion, contending that the Commissioner no longer uses Dr. Bernabe to perform consultative examinations due to alleged irregularities. However, Plaintiff offered no evidence to this effect and this Court is unable to infer any misconduct by Dr. Bernabe, either generally or with respect to this case, in the absence of any evidence. Importantly, Dr. Bernabe's findings were consistent with the treatment notes and State Agency review physician assessments.

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of Dr. Larson's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's decision was supported by substantial evidence and must therefore be sustained. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

**B.    Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v.*

*Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:

He is married and lives with his spouse. (T at 46). He does not drive due to vertigo and dizzy spells. (T at 47). Dizzy spells occur almost daily. (T at 47). He has brief dizzy spells that occur without warning. (T at 48). In his past relevant work, Plaintiff spent 5 out of 8 hours sitting. (T at 54). He was injured in a fall from the top of a dumpster. (T at 55). He experiences pain in his lower right back, radiating down his leg. (T at 56). Left shoulder pain radiating to his head is also an issue. (T at 57). He takes pain medication and anti-depressants. (T at 57). During

the day, Plaintiff tries to take walks, runs errands with his spouse, and watches television. (T at 60). His mental abilities have diminished. (T at 60-61). Laying down during the day eases his pain. (T at 64-65). He has difficulty with fine motor tasks. (T at 73).

The ALJ concluded that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not fully credible. (T at 23).

This Court finds that the ALJ's credibility determination was supported by substantial evidence and consistent with applicable law. First, the ALJ noted that Plaintiff's testimony was contradicted by the objective medical evidence. As discussed above, the treatment notes and assessments of Dr. Bernabe, Dr. Do, and Dr. Lizarrars, and Dr. Froehly contradict Plaintiff's subjective claims. (T at 23-24). For example, while Plaintiff asserted severe back pain, clinical exams showed normal musculoskeletal range of motion. (T at 260, 278, 291, 351, 360). Plaintiff claimed disabling vertigo and dizziness, but Dr. Froehly (the treating neurologist) concluded there was no evidence of a neurological disorder. (T at 403-05).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ may consider when analyzing

credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). In other words, an ALJ may properly discount subjective complaints where, as here, they are contradicted by medical records. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002).

Second, the ALJ noted that Plaintiff had a conservative course of treatment, e.g. no additional surgical intervention or referral to a surgical specialist, physical therapy, prescription medication, over-the-counter medication, chiropractic care. (T at 24). "Evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007).

There is no question that Plaintiff suffers from some pain and limitation. However, the fact that a claimant suffers from pain, even significant pain, is not sufficient, without more, to justify an award of benefits. Rather, the pain must be so severe as to preclude gainful employment. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)("[M]any medical conditions produce pain not severe enough to preclude gainful employment. The Disability Insurance and Supplemental Security Income programs are intended to provide benefits to people who are unable to work; awarding benefits in cases of nondisabling pain would expand the class of recipients

far beyond that contemplated by the statute."); *Curbow v. Colvin*, No. CV-14-8222, 2016 U.S. Dist. LEXIS 12147, *16 (D. Ariz. Feb. 1, 2016)("[D]isability requires more than mere inability to work without pain.").

In light of the above, this Court finds that the ALJ's credibility determination must be sustained. *See Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999)("[Q]uestions of credibility and resolutions of conflicts in the testimony are functions solely of the [Commissioner].").

## V. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and substantial evidence supports the Commissioner's decision.

# VI. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered AFFIRMING the Commissioner's decision; and

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case.

Dated this 30th day of September, 2018,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE